IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
DENVER DIVISION

Civil Action No.: 1:24-cv-03028

MARRIOTT HOTEL SERVICES, LLC, as manager of the Gaylord Rockies Resort & Convention Center

      Plaintiff,

v.

ASTELLAS PHARMA US, INC.

      Defendant.

## PLAINTIFF'S COMPLAINT

Plaintiff MARRIOTT HOTEL SERVICES, LLC, as manager of The Gaylord Rockies Resort & Convention Center ("Plaintiff" or "Hotel"), by and through its undersigned counsel, files its Complaint against Defendant Astellas Pharma US, Inc. ("Defendant" or "Astellas"), and alleges as follows:

### PARTIES

1. Plaintiff MARRIOTT HOTEL SERVICES is a limited liability company organized and existing under the laws of the State of Delaware. Marriott is the manager of the Gaylord Rockies Resort & Convention Center (hereinafter, referred to as the "Hotel"), which is a luxury resort located in Adams County,

Colorado. At all relevant times hereto, Marriott was authorized to transact business in, and does transact business in, the State of Colorado.

2. Upon information and belief, Defendant Astellas Pharma US, Inc. is a Delaware corporation. Defendant's principal place of business is 2375 Waterview Drive, Northbrook, Illinois 60062.

## JURISDICTION & VENUE

3. The United States District Court has diversity jurisdiction over this matter pursuant 28 U.S.C. §1332, as the parties are residents of different states, and the amount in controversy exceeds $75,000.

4. A substantial party of the events and omission giving rise to Plaintiff's cause of action occurred in the federal judicial district identified in the Complaint. Venue is proper pursuant to 28 U.S.C. § 1391.

## COUNT I – BREACH OF EXPRESS CONTRACT
(LIQUIDATED DAMAGES)

5. On October 23, 2017, upon the signature of the Hotel's representative, the Hotel and Astellas entered into a written Group Sales Agreement, as modified by Addendum No. 1 To Agreement (the "Agreement"), pursuant to which Astellas was obligated to hold a program at the Hotel from April 21, 2021 through May 1, 2021 (the "Event"). A true and correct copy of the Agreement is attached hereto as **Exhibit A** and incorporated herein by reference.

6. Pursuant to the Agreement, Astellas was obligated to utilize 6,470 sleeping room nights at the Hotel at rates ranging from $186 per room, per night, plus applicable state and local taxes, to a rate of $1,400.00 per room, per night, plus applicable state and local taxes. *Id*. at p. 2.

7. In addition, the Agreement required Astellas to spend not less than $975,000.00 for banquet food and beverages, plus applicable services charges and taxes.

8. The Hotel also reasonably anticipated that Astellas' attendees would utilize, and the Hotel would receive revenue from, the ancillary services offered by the Hotel.

9. The Agreement contains a "Cancellation Policy" clause, which governs the amount of liquidated damages Astellas agreed to pay if it were to cancel its contracted Event. *Id*. at pp. 5-6.

10. The Agreement's "Cancellation" clause unambiguously states:

> Astellas Pharma US, Inc. acknowledges that if it cancels its planned use of the Room Night Commitment (a "Cancellation") for reasons other than as permitted pursuant to the force majeure clause of this agreement or because of a material breach of contract by Hotel, this action would constitute a breach of contract. Astellas Pharma US, Inc. agrees to notify Hotel, in writing, within five (5) business days of any decision to Cancel. In addition, if a Cancellation occurs, the parties agree that:
>
> (a)  It would be difficult to determine Hotel's actual harm.

> (b) The sooner the Hotel receives notice of the Cancellation, the lower its actual damages is likely to be because the probability of mitigating the loss by reselling space and functions is higher; and
>
> (c) The highest percentage amount in the chart (the "Chart") set forth below reasonably estimates Hotel's harm for a Cancellation and, through its use of a sliding scale that reduces damages for earlier Cancellations, the Chart also reasonably estimates Hotel's ability to lessen its harm by reselling Astellas Pharma US, Inc. space and functions

*Id.* at p. 6.

11. The Cancellation Provision Chart was modified pursuant to the Agreement's Addendum. *Id.* at p. 24.

12. The Cancellation Chart provides that Astellas would owe "75% Room Revenue profit defined as 85% $1,105,099.88 plus 50% Food and Beverage profit defined as 45% $219,375.00, plus applicable taxes if required by law" for a cancellation occurring between "April 25, 2020 - November 4, 2020." *Id.*

13. The Agreement's Addendum contains a "Resell" clause, which states that:

> Hotel agrees to resell Group contracted rooms on a last rooms sold daily basis based on Group paying the liquidated damages list above within 30 days from the date of cancellation notice and receipt of cancellation invoice from Hotel. Group cancellation fees will be reduced proportionately based on remaining rooms left unsold.

*Id.*

14. The Agreement contains a "Impossibility of Performance" clause that states:

> The performance of this Agreement by either party is subject to acts of God or other casualty, natural disaster, war, government regulations, terrorism, or civil disorder making it illegal or impossible to provide the facilities or to hold the meeting. Also, If Astellas deems It necessary to ban all company travel due to situations beyond Astellas' control, this Agreement may be terminated for any one or more of such reasons by written notice to the other party at any lime. If Hotel cancels due to Impossibility to perform, Hotel will make a bona fide effort to relocate meeting to another location deemed suitable by Astellas.

*Id.* at p. 15.

15. The Agreement contains a "Litigation Expenses" clause that states:

> The parties agree that, in the event litigation relating to this Agreement is filed by either party, the non-prevailing party in such litigation will pay the prevailing party's costs resulting from the litigation, including reasonable attorney's fees

*Id.* at p. 7.

16. By letter dated November 3, 2020, Astellas canceled the Event (the Termination Letter"). A true and correct copy of Termination Letter is attached hereto as **Exhibit B** and incorporated herein by reference

17. Astellas' Termination Letter states, in part, that its reason for cancelling the Event is "Astellas management has deemed it necessary to restrict all company travel due to the COVID-19 pandemic for the foreseeable future." *Id.*

18. Upon information and belief, Astellas did not ban all company travel from November 3, 2020 through June of 2021 for situations beyond Astellas' control.

19. Astellas' reasons for cancelling the Event are not covered under the terms of the Parties' agreement.

20. At both the time of Astellas' cancellation and over the dates of its Event, no occurrence made it illegal or impossible to provide or use the Hotel facilities over the Event dates.

21. Accordingly, the cancellation by Astellas is without legal justification or excuse and therefore constitutes a material breach of contract.

22. The Hotel has been damaged by Astellas' material breach of contract.

23. As noted above, as part of the Agreement, the Parties agreed that damages caused by a cancellation of the Event by Astellas would be liquidated and governed by a "Cancellation" clause.

24. The cancellation by Astellas of the Event occurred between "June 25, 2020 – January 4, 2021."

25. Accordingly, pursuant to the Cancellation provision, Astellas owes "75% Room Revenue profit defined as 85% $1,105,099.88 plus 50% Food and Beverage profit defined as 45% $219,375.00, plus applicable taxes if required by law." *See* Contract, Ex. A at p. 24.

26. For its cancelation of the Event, Astellas owed $1,465,375.11 in liquidated damages.

27. The Hotel invoiced Astellas for the $1,465,375.11 that Astellas owed for its cancellation of the Agreement. A true and correct copy of the Invoice is attached hereto as **Exhibit C** and incorporated herein by reference

28. The failure to pay the cancellation fee within 45 days of the cancelation constitutes a further material breach of contract.

29. On September 10, 2021, the Hotel sent a letter through counsel requesting documentation supporting Astellas' position that no Astellas employee traveled on company business during November 3, 2020 through May 1, 2021. A true and correct copy of the September 10, 2021 Letter ("First Letter") is attached hereto as **Exhibit D** and incorporated herein by reference.

30. On October 8, 2021, the Hotel demanded that Astellas pay a cancelation fee in accordance with the terms of the Agreement. A true and correct copy of the October 8, 2021 Letter ("Second Letter") is attached hereto as **Exhibit E** and incorporated herein by reference.

31. Pursuant to the Agreement, because Astellas canceled its Event on November 3, 2020, the cancelation fee amount was due within 45 days, which was December 18, 2020.

32. Astellas failed to pay the cancelation fee within 45 days, as required under the terms of the Agreement.

33. The failure to pay the cancelation fee within 45 days, as required under the terms of the Agreement, constitutes a further material breach of contract.

34. From the date of its cancellation up through the date of its Event, Astellas failed to pay any part of its invoice in amount of $1,465,375.11.

35. Pursuant to the Agreements resale clause in the addendum's cancellation provision (at page 14), Astellas cancellation fee is reduced by the number of rooms the Hotel was able to resale.

36. The Hotel resold 2,390 of 6,470 rooms and Astellas is owed a resale credit on its cancellation fee in the amount of $448,325.43. A true and accurate copy of the Second Invoice is attached hereto as **Exhibit F**.

37. In the alternative, the Hotel is entitled to its actual damages in an amount to be proven at trial.

38. The Hotel has fully performed its obligations under the Agreement and is not itself in breach of the Agreement.

39. As a result of Astellas' material breaches of the Agreement, including the failure to pay liquidated damages when due, it has become necessary for the Hotel to retain litigation counsel to enforce the terms of the Agreement.

40. All conditions precedent under the Agreement have been performed or have been excused.

## ATTORNEYS' FEES

41. Each of the foregoing paragraphs are incorporated and reasserted herein by reference.

42. Despite repeated demand for payment, Astellas has failed and/or refused to pay all or any part of the amount owed.

43. Astellas' actions have caused Plaintiff to retain the undersigned attorney to protect its rights in this matter. Plaintiff is entitled to a judgment against Astellas for the attorneys' fees Plaintiff incurred in this matter to the maximum amount allowable under the Contract and Colorado law.

## PRAYER AND REQUEST FOR RELIEF

For the reasons above, Plaintiff Marriott Hotel Services, LLC, a Delaware limited liability company, as manager of the Gaylord Palms Resort & Convention Center, requests that the Court enter a judgment against Defendant Astellas Pharma US, Inc., awarding Plaintiff:

(a) For liquidated damages pursuant to the Agreement in the principal amount of $1,017,049.68 or, in the alternative, for lost profits in an amount to be proved at trial, plus pre-judgment interest at the contract rate of 1.5 percent per month (or, if less, the maximum amount permitted by law) on the First Invoice amount of $1,465,375.11, from November 3, 2020 through May 1, 2021; plus pre-and post-judgment interest at the contract rate

of 1.5 percent per month (or, if less, the maximum amount permitted by law), on the Second Invoice in the amount of $1,017,049.68 from May 1, 2021, until the debt is paid in full;

(b) For Plaintiff's reasonable attorneys' fees and costs incurred herein, pursuant to the Contract and applicable law;

(c) For interest on said attorneys' fees and costs at the highest rate permitted by law from the date of judgment until paid;

(d) For post-judgment attorneys' fees and costs pursuant to applicable law; and

(e) For such other and further relief as the Court deems just and appropriate.

Dated: October 29, 2024                    Respectfully submitted

By: /s/ Steven M. Rudner
**Steven M. Rudner (#027982)**
RUDNER LAW OFFICES
12740 Hillcrest Road, Suite 240
Dallas, Texas 75230
T: 214.373.1900 | F: 214.373.0087
Email: Rudner@HotelLawyers.com

**ATTORNEY FOR PLAINTIFF
MARRIOTT HOTEL SERVICES, LLC**